UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EDWARD FLAHERTY

     Plaintiff

  v.

The UNITED STATES OF
AMERICA, FEDERAL BUREAU
OF INVESTIGATION, Special Agent
LAWRENCE A, TRAVAGLIA
     Defendants

Complaint
Civil Action No.

     Edward Flaherty complains of the Defendants as set forth below.

## Parties

1.     Plaintiff Edward Flaherty (Hereinafter plaintiff), a citizen of the United States and a citizen of the Commonwealth of Massachusetts, resides at Boston, Massachusetts.

2.     Defendant United States of America (Hereinafter defendant) is the body politic of the United States of America.

3.     Defendant Federal Bureau of Investigation (Hereinafter defendant FBI) is the division within the Department of Justice of the government of the defendant United States of America charged with the investigation and apprehension of known and unknown violators of the laws of the United States of America.

4.    Defendant Lawrence A. Travaglia (Hereinafter defendant Travaglia) was and is a
      Special Agent of the defendant FBI, assigned for all times relevant to this complaint,
      to the Boston Office of the defendant FBI.

### Jurisdiction

5.    This Court has jurisdiction over the subject matter of plaintiff's claims against the
      defendants as they arise under the Constitution and the laws of the United States and
      the Federal Tort Claims Act. 28 U.S.C. 1331, 1343, 1346(b), 1367, 2679 (d)(1).

### Factual Allegations

6.    On September 19th 2007 in the late afternoon early evening hours the plaintiff was at
      a licensed establishment (Bar) in the South Boston area of the City of Boston.

7.    The plaintiff was told that a Mr. Joseph Burhoe wished to talk to the plaintiff on the
      public area outside of the licensed establishment where the plaintiff was socializing
      with work colleagues.

8.    Both the plaintiff and Mr. Burhoe were members of local 82, Boston.

9.    Local 82, Boston is an affiliated Local of the International Brotherhood of Teamsters.

10.   At that time, and for all material times relevant to this complaint Local 82 had valid,
      binding and valuable Collective Bargaining Agreements (Contracts) with various and
      sundry moving companies, trade shows, exposition companies, general contractors
      and producers that would come within the jurisdictional venue of Local 82.

11.   Upon information and belief Mr. Joseph Burhoe was a paid informant of the
      defendant FBI.

12.   Upon information and belief defendant Travaglia was Mr. Burhoe's direct contact and
      handler for all services that Mr. Burhoe provided to the defendant FBI.

2

13.   Upon information and belief Mr. Burhoe was provided a special code name for his dealings with the defendant FBI.

14.   Mr. Burhoe, upon information and belief, was paid for whatever services and information that he provided to the defendant FBI under the code name that he was assigned.

15.   That Mr. Burhoe was acting, for all times relevant to this complaint, dejure or defacto as an official of Local 82 in violation of Title 29 of the United States Code.

16.   Upon information and belief the defendant USA, the defendant FBI and the defendant Travaglia well knew this fact and allowed, permitted or encouraged Mr. Burhoe to so act all in violation of Laws of the United States.

17.   The plaintiff and Mr. Burhoe had a discussion about various irregularities that were occurring within Local 82 and with the administration of Local 82.

18.   The discussion that was had between the plaintiff was on a public way within the City of Boston and was witnessed by various individuals. The conversation ended and the Parties went their separate ways.

19.   A short time after the initial conversation between the plaintiff and Mr. Burhoe, Mr. Burhoe entered the local licensed establishment, where the plaintiff was gathered with other Local 82 members, and requested to speak with the plaintiff again.

20.   Mr. Burhoe directed the plaintiff to the back door of the establishment and the plaintiff and Mr. Burhoe exited the rear door of the establishment to a rear yard area.

21.   Upon arriving at the rear yard area and expecting that the parties would continue their earlier conversation the plaintiff observed another individual behind Mr. Burhoe. The plaintiff attempted to talk to Mr. Burhoe.

22.   At that time Mr. Burhoe pushed, grabbed or shoved the plaintiff by touching his body.

23.   Plaintiff noticed an object that appeared to be shiny or metal in Mr. Burhoe's hand. The plaintiff was then struck with such force and savagery that the plaintiff was knocked to the ground and rendered unconscious.

24.   Plaintiff has no clear memory as to what occurred shortly thereafter except that he regained consciousness sometime thereafter and in a confused, bloody and semiconscious state exited the rear yard area and found his way to the front door of the establishment where he was earlier.

25.   Upon arriving at the front door of the establishment he collapsed bleeding profusely from the significant wounds to his head, face and body and was tended to by individuals that were there.

26.   An ambulance and the police were called by unknown third parties and the plaintiff was taken to the emergency room of The Boston Medical Center.

27.   The plaintiff was treated and remained in the hospital for a period of days thereafter nursing his wounds and being treated by the hospital staff.

4

28.    The plaintiff was interviewed by the police and federal authorities and ultimately picked Mr. Burhoe's picture out of an array of photographs provided to him for his consideration by the Boston Police Department.

29.    While in the hospital recovering from his wounds on either September 20th or 21st the plaintiff was visited by two agents of the United States of America, one from the Department of Labor and one from the defendant FBI.

30.    Both agents interviewed him in regard the incidents that had transpired earlier and that had been the reason for the plaintiff's beating and hospitalization.

31.    Mr. Burhoe turned himself into the Boston Police Department to answer to a complaint sought by the police in regard the incident.

32.    Mr. Burhoe was arraigned on the charge of Assault and Battery by means of a Dangerous Weapon in the South Boston District Court and released after posting $7,000.00 cash bail.

33.    The plaintiff was threatened by various individuals that he should drop the charges or face the reality that he would never work again in the union or any teamster organization.

34.    Since the inception of charges against Mr. Burhoe the plaintiff has found it difficult if not next to impossible to be hired by various show producers and general contractors who have contracts with Local 82.

35.    Plaintiff's income was drastically impaired and he found it physically unsafe to continue to work as a member of Local 82.

5

36.  Plaintiff had significant financial responsibilities to his children and family and was under unbearable emotional distress.

37.  Plaintiff was made to live in a state of continual fear for his physical safety and that of his family. Plaintiff's emotional state was such that he had great difficulty focusing or concentrating on anything other than the threats of physical and economic harm to him and his family.

38.  Plaintiff, because of the overwhelming coercion of Mr. Burhoe, either personally or through surrogates (Mr. Burhoe's father), did not appear in court for trial and the charges against Mr. Burhoe were dismissed for "want of prosecution".

39.  Plaintiff was assured by third parties that if the charges were dismissed the plaintiff would be able to get employed in the Local 82 jurisdictional area.

40.  Plaintiff was unable to find employment and was forced to leave the union (Local 82) and attempt to find gainful employment anywhere else that he could to support his family.

41.  Plaintiff was reduced to taking menial jobs to try and support his family in any fashion he could.

42.  Plaintiff reinstituted the charges against Mr. Burhoe and the plaintiff is informed by the responsible parties that the charges are the subject of a continuing Grand Jury investigation into Mr. Burhoe and others.

6

43.   Plaintiff notified the defendants by hand and certified mail of his administrative claim
      against the defendants because of the actions of Mr. Burhoe by filing the requisite
      Form 95 with them dated September 14, 2009

44.   The defendants did not reply to offer any settlement to the plaintiff either to his
      counsel, who they well knew and had conversations with in regard thereto, or to the
      plaintiff personally.

### Statement of Claims

### Count 1

45.   Paragraphs 1 through 44 are adopted and incorporated by reference.

46.   Acting under color of law and the authority of the defendant USA, defendant FBI and
      defendant Travaglia, the defendants through their paid informant Mr. Joseph Burhoe
      negligently and with complete and deliberate indifference for plaintiff's rights caused
      plaintiff to be deprived of his constitutional rights, including but not limited to, those
      under the fourth, fifth, sixth, eighth and fourteenth amendments to the constitution of
      the United States and in violation of the laws of the Commonwealth of Massachusetts
      and the protections provided by it's constitution by:

          a.   Using a degree of force that was unreasonable under the
               circumstances and in violation of plaintiffs rights to be free from an
               unreasonable seizure under the fourth amendment;

          b.   Subjecting plaintiff to punishment without the benefit of a trial by
               jury in violation of his rights under the sixth and eighth amendments;

7

    c.     Depriving plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process of law in violation of his rights under the fifth and fourteenth amendments.

    d.     By so negligently supervising their agent and paid informant so as to permit him to cause the injuries visited upon the plaintiff and causing the plaintiff to suffer wage loss and great pain of body and mind and incurred expenses for medical attention in the sum of at least $10,000.00 and wage loss of at least $150,000.00

Wherefore, Plaintiff prays that this court:

1. Award to Plaintiff compensatory damages in an amount to be determined at trial but not less than the amount of $100,000.00, jointly and severally against the Defendants for the matters alleged in this Complaint;

2. Award to the Plaintiff reasonable costs and attorney's fees;

3. Grant such other and further relief as this court deems just and proper

Respectfully Submitted,
Plaintiff,
Edward Flaherty
By his Attorney

Richard J. Hayes, Esquire
185 Devonshire Street, Suite 200
Boston, Mass 02110
ppsi1998@aol.com
(617)-556-9960
BBO # 227040

Dated: September 16, 2010

8